THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JACORDIAN GUILLORY** | § | |
| | § | |
| *Plaintiff* | § | Civil Action No. 3:21-cv-157 |
| | § | |
| v. | § | |
| | § | |
| **SUNBELT RENTALS, INC.** | § | |
| **formerly EMPIRE SCAFFOLDING** | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendant* | § | |

### PLAINTIFF JACORDIAN GUILLORY'S AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW Jacordian Guillory ("Mr. Guillory" or "Plaintiff") filing this, his Amended Complaint wherein he describes the unlawful employment practices Defendant Sunbelt Rentals, Inc. formerly Empire Scaffolding ("Defendant" or "Sunbelt") subjected him to during his employment based on his race (African-American).

Plaintiff brings his claims of race discrimination under Section 1981 based on Defendant's disparate treatment toward him based on race, the hostile work environment defendant created at work for Guillory based on race; and because of Defendant's pattern and practice of systematically engaging in discriminatory treatment towards its Black employees like Guillory. In support of his causes of action, Plaintiff respectfully shows the Court as follows:

## I. JURISDICTION, PARTIES, AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to 28 U.S.C. §1331, 42 U.S.C. §1981 ("Section 1981") and the anti-retaliation regulations set forth by Section 1981.

2. Plaintiff Jacordian Guillory is an African-American male entitled to contract. At all times relevant to Plaintiff's claims as set forth herein, Plaintiff's employment was protected by Section 1981. Further, at all relevant times, Plaintiff was an employee as has been interpreted under Section 1981.

3. Defendant, Sunbelt Rentals, Inc. formerly Empire Scaffolding ("Sunbelt") is a corporation operating in Texas and was at all times relevant to the facts and claims in this Amended Complaint, Plaintiff's private-sector employer within the meaning of Section 1981.

4. Plaintiff will serve Defendant with this Amended Complaint by and through Defendant's attorneys of record.

5. The employment practices alleged to be unlawful within this lawsuit were committed within the Southern District of Texas, Galveston Division. Venue is appropriate in this Court.

## VICARIOUS LIABILITY--RESPONDEAT SUPERIOR

6. Whenever in this pleading it is alleged that Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant's officers, owners, servants, employees, or representatives and management did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment with Defendant, or in the furtherance of Defendant Sunbelt's interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant, or was done by an authorized member of management of Defendant or was done in the normal routine of the accepted, tolerated, or permitted

conduct, customs, and/or practices of Defendant's officers, owners, servants, employees, management and/or representatives.

7. All conditions precedent to the filing of this lawsuit have occurred.

## II. FACTUAL BACKGROUND

8. Defendant is an equipment rental company that focuses on the rental and sales of construction and scaffolding equipment. Plaintiff had worked for the Defendant in some capacity prior to January 1, 2017.

9. On approximately March 4, 2017, Defendant hired Plaintiff to perform work at one of its customer's worksites located at 1602 CR 723, Quintana, Texas 77541 which is in Brazoria County, Texas earning an hourly wage of $ 14.00 per hour.

10. Defendant failed to provide Plaintiff Guillory with an employee handbook or its work rules upon its hire of Guillory in 2017.

11. Immediately upon reporting to duty, Plaintiff found himself subjected to discriminatory comments about his race. Plaintiff who wears his hair in a cultural stye often worn by Black, was often referred to as a "mop head" by his foreman.

12. Further, during Mr. Guillory's short employment stint, and less than two weeks before his termination, both Guillory's foreman and supervisor openly referred to Guillory as a "nigger." This highly offensive and degrading racial slur both embarrassed and humiliated Mr. Guillory, and he told the foreman so. In response, Defendant's foreman told Guillory, "don't get fired like your boy" referring to black employee Roderick White who Mr. Guillory had been hired alongside.

13. True to his threat, the foreman fired Guillory for pretextual reasons days after Guillory's complaint about being called a "nigger."

14. Defendant fired Mr. Guillory when Mr. Guillory paused from working to drink a cup of water. Defendant claimed that Plaintiff Guillory was not entitled to a break, was "leaning," and fired him mid-shift.

15. Based on Guillory's experience with Defendant, Defendant did not subject its Hispanic employees to these same restrictions or rules. Plaintiff Guillory witnessed Defendant allow Hispanic workers to take water breaks and rest without facing discipline or termination.

16. Plaintiff was subjected to discipline and rules based on his race (African-American) that nonblack employees were not subjected to – which ultimately led to Plaintiff's humiliation, fear, emotional distress, anxiety, depression, loss wages, benefits, and employment.

17. Further, Defendant targeted other Black employees and unlawfully discharged them during this same time frame. The three black employees (Eric Antoine, Roderick White, and Terrance Moton) who Guillory had been hired with and who roomed together were all fired by Defendant within a month of their hire.

18. Defendant's pattern and practice of creating a hostile work environment based on race for its Black employees and its disparate treatment towards Plaintiff was open and obvious and demonstrates the very pattern and practice that Section 1981 seeks to eliminate.

### IV.   CAUSES OF ACTION

**A.   <u>Race Discrimination pursuant to 42 U.S.C. §1981</u>**

19. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

20. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights under 42 U.S.C. §1981 by intentionally and/or unintentionally interfering with Plaintiff's employment because of his race (African-American). Defendant's violations include but are not

limited to, discrimination against Plaintiff in the application of worksite rules and in Defendant's termination of Plaintiff's employment.

21. Defendant subjected Plaintiff to disparate treatment based on his race. Defendant did not subject its Hispanic employees, who were similarly situated, to the same work rules and consequences that it did for its Black employees like Moton

22. Defendant did not terminate its Hispanic employees, who were similarly situated, for the reasons it provided for terminating its Black employees' employment like Plaintiff.

23. During Plaintiff's employment, Defendant also allowed its Hispanic employees and management team to subject Plaintiff to humiliating, degrading, and illegal treatment and comments based on race.

24. Any reasonable person would be humiliated, offended, and disgraced by the environment created and allowed by Defendant. Moreover, Defendant targeted other black employees. It was not just Guillory that Defendant subjected to a hostile work environment based on race, slurs, and mistreatment and/or discipline and Guillory witnessed the harsh and unfair treatment and termination of other black individuals.

25. Upon information and belief, Defendant engaged in a pattern and practice of discrimination against its black employees subjecting them to rules that it did not subject its Hispanic employees and terminating black employees for conduct that it did not terminate Hispanic employees.

26. That is, upon information and belief, Defendant has systematically engaged in discriminatory activities against black employees.

27. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff based on his race, which led to the loss and impairment in whole or part, of the wages,

benefits, promotions, privileges, and terms and conditions of Plaintiff's employment.

28. This intentional interference of wages, benefits and employment toward Plaintiff consisted of discrimination of a continuous nature.

29. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

30. Defendant's above-described acts were malicious, reckless, and intentional and consisted of discrimination of a continuous nature. Defendant's above-described acts caused Plaintiff to experience anxiety, depression, humiliation, lost wages, etc.

**B.     Retaliation pursuant to Section 1981**

31. Plaintiff Guillory repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

32. After complaining to management about race discrimination, Mr. Guillory was subsequently disciplined and ultimately terminated.

33. As herein alleged, Defendant illegally retaliated against Mr. Guillory because he complained of maltreatment and discrimination. Defendant had no legitimate business reasons for any of such acts.  Each act of retaliation is in violation of 42 U.S.C. §1981 anti-retaliation provisions.

34. As a direct and proximate result of Defendant's willful, malicious, knowing, reckless and intentional discrimination and retaliation against him, Plaintiff Guillory has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish, emotional distress, lost wages, and benefits.  Plaintiff Guillory is entitled to general and compensatory damages in amounts to be proven at trial.

35. The above-described acts on Defendant's part were undertaken in violation of 42 U.S.C. §1981 and proximately caused Mr. Guillory substantial injuries and damages.

## V.   DAMAGES

36. Because of Defendant's discrimination and retaliation as set forth herein, Plaintiff has suffered, suffer, and will continue to suffer economic losses including past and future lost wages and benefits as well as humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental, liquidated and consequential damages all of which amounts will be proved at trial

37. Additionally, because of Defendant's reckless, malicious, and intentional acts as set forth herein, Plaintiff seeks punitive damages against Defendant.   59.   Additionally, because of Defendant's unlawful and discriminatory conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent him in the causes of actions set forth herein.  Further, Plaintiff has agreed to pay his attorney reasonable attorneys' fees for the preparation and trial of these causes.

38. As a further consequence of Defendant's unlawful and discriminatory conduct, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living.  Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

39. Plaintiff also seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VI. JURY DEMAND

40. Plaintiff requests a trial by jury in this matter.

## VII. PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be required to appear and answer this Amended Complaint, and that on final trial, Plaintiff be awarded judgment against Defendant for:

a. All liquidated and unliquidated damages to which Plaintiff proves he is entitled pursuant to this Amended Complaint and the causes of action set forth herein, any amendments thereto with interest;

b. Actual and compensatory damages within the jurisdictional limits of the Court;

c. Exemplary and/or punitive damages as allowed by law;

d. Reasonable and necessary attorney's fees, as allowed by law;

e. Pre and post-judgment interest, as allowed by law;

f. Costs; and

g. Any and all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *Marjorie A. Murphy*
Marjorie A. Murphy
State Bar No. 24013218
Federal Bar No. 34512
The Murphy Law Practice, PLLC
2101 Citywest Blvd, Ste. 100
Houston, Texas 77042
Telephone: (832) 564-3804
Facsimile: (832) 553-7441
Email:marjorie@themurphylawpractice.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF, JACORDIAN GUILLORY**

## CERTIFICTE OF SERVICE

      I hereby certify that on July 21, 2021, this instrument was filed pursuant to the electronic filing guidelines set forth by the United States District Court for the Southern District of Texas, Galveston Division and that service will be further made in compliance with such guidelines to all parties.

                                                        /s/ *Marjorie A. Murphy*
                                                        Marjorie A. Murphy